## Frye's Executor, et al. v. Bennett, et al.

(Decided November 16, 1920.)

### Appeal from Jefferson Circuit Court (Common Pleas, First Division).

1. Appeal and Error—Instructions.—An instruction which is erroneous but not prejudicial to the party appealing is not ground for a reversal of the judgment.

2. Appeal and Error—Instructions.—Although an instruction be admittedly erroneous in that it omits one important element which would put a greater burden upon the appellant, and it does not correctly state the law, it is not prejudicial to the appellant and he is in no position to complain, for the error must be treated as harmless.

ROBERT L. PAGE for appellants.

ALLEN P. DODD for appellees.

OPINION OF THE COURT BY JUDGE SAMPSON—Affirming.

A paper probated as the last will and testament of Emma S. Frye, deceased, was contested by this action in the lower court and found by the jury not to be the will of Mrs. Frye. The propounders appeal, asserting that the instructions given by the trial court to the jury were erroneous in two respects and ask a reversal. The first instruction of which complaint is made reads as follows:

"Soundness of mind, in connection with the making of a will, means the possession of such mentality as enables one making a will to know his or her estate, its character, value and extent, to know the objects of his or her bounty, to make a rational survey of that estate, to dispose of it according to a fixed purpose of his or her own."

Appellants insist that this definition omits a very fundamental element in that it fails to include the clause "and her duty to them" immediately following the clause, "to know the natural objects of her bounty." In support of this contention appellants cite the case of Meuth's Extx. v. Meuth, 157 Ky. 784, where a discussion of a similar instruction may be found. One must not only know the natural objects of his bounty when he comes to make a will but must have mental capacity to know and realize his duty to those natural objects; both are essential. We have so held in the cases of Rasdall v. Brush, 104 S. W. 749; Lancaster v. Lancaster, 87 S. W. 1137, 27 R. 1127.

The instruction under consideration is defective in two respects. It should have used the expression "natural objects," and should have contained the phrase "her duty to them" after the word "bounty," but we do not think these deficiencies were prejudicial to appellants although the instruction with these words omitted is admittedly erroneous. By the instruction the court required the jury to believe that one of sound mind, capable of making a testamentary paper, knew her estate, its character, value and extent, the objects of her bounty, and to be able to make a rational survey of her estate and to dispose of it according to a fixed purpose of her own. If the words erroneously omitted from the instruction had been added in their proper place it would only have increased the burden of appellants and would not in any measure have aided their cause. The error was to the disadvantage of the appellees but not to the appellants, and appellants are not in position to complain.

The second instruction defined "undue influence."

The first literary paragraph of the third instruction is as follows:

"If you believe from the evidence that, at the time of the execution of the paper mentioned in the evidence, Emma S. Frye was not of sound mind, and that the execution of the paper was obtained by undue influence, then your verdict will be 'that the jury find the paper dated June 18, 1918, purporting to be the last will of Emma S. Frye, not to be the true last will and testament of Emma S. Frye.' "

The remainder of this instruction is the converse of the foregoing. This was error. The court should have followed the usual form of instructions in will cases and after the due execution of the will was proven

put the burden upon the contestants throughout the case. To have done so the court need only have said to the jury, "You will find the paper offered for probate to be the will of Emma S. Frye, unless you believe from the evidence that the said Emma S. Frye was, at the time of its execution, of unsound mind, or the execution of the paper was procured by undue influence." It is a cardinal rule governing instructions to juries that all the instructions so given in a case must be read and considered together as a whole and an omission in one instruction may be supplied by reference to another, and where an instruction properly states the law of the case but is followed by another which in form or effect is technically incorrect or places the burden upon the wrong party but the two when read and considered together are not misleading to the jury, there is no reversible error. Bramel v. Bramel, 101 Ky. 64.

It is the complaint of appellants that the last part of instruction No. 3 places the burden upon the propounders of the will and there would be much merit in this contention if it were not for the fact that the first part of the instruction specifically places the burden on the contestants, so that when the whole instruction is read and considered it is manifest that the jury could not have found against the will as it did, unless it believed Emma S. Frye was not of sound mind at the time of the execution of the paper or that the execution of the paper was obtained by undue influence. This instruction was too strong against the contestants. The conjunction "and" preceding the phrase "that the execution of the paper was obtained by undue influence" should have given away to the disjunctive "or," for the jury should have found against the paper if it believed from the evidence that Mrs. Frye was not of sound mind even though they did not believe that she had been unduly influenced in making the will, or conversely it may have found against the paper if it believed from the evidence that its execution was obtained by undue influence even though it might have believed that Mrs. Frye was of sound mind. The court should have followed the well known form of instructions in will cases where the paper is contested upon the grounds of mental unsoundness and undue influence, but we can not hold that the technical error complained of prejudicially affected the rights of appellants.

Wherefore the judgment is affirmed.